UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEROME PAUL,                                                  Case No. 22-CV-0502 (PJS/HB)

            Plaintiff,

v.                                                                 ORDER

AMERICAN RED CROSS ST. PAUL,

            Defendant.

This matter is before the Court on plaintiff Jerome Paul's motion for a default judgment under Fed. R. Civ. P. 55. Paul argues that he is entitled to a default judgment because defendant American Red Cross St. Paul ("Red Cross") did not file an answer to his complaint. There are several problems with Paul's motion:

First, the Red Cross is not in default. The Red Cross removed this action to federal court on February 28, 2022, ECF No. 1, and served and filed a timely[1] motion to dismiss on March 7, 2022, ECF Nos. 5–11. Because the Red Cross brought a timely motion to dismiss, the Red Cross does not have to serve an answer to Paul's complaint

---

[1] A defendant who did not answer a complaint prior to removing it to federal court "must answer or present other defenses or objections" within 21 days after being served with the summons or complaint or within "7 days after the notice of removal is filed," whichever of those dates is the latest. Fed. R. Civ. P. 81(c)(2).

until 14 days after this Court denies its motion. Fed. R. Civ. P. 12(a)(4)(A). (Obviously, if this Court grants the Red Cross's motion, this lawsuit will be dismissed.)[2]

Second, even if the Red Cross were in default, Paul could not move for a default *judgment* under Rule 55(b) without first asking the clerk to enter the Red Cross's *default* under Rule 55(a). "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

Finally, Paul committed multiple violations of the Local Rules of the District of Minnesota. A motion for a default judgment is a dispositive motion. Before Paul filed such a motion, he was required to "meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion." LR 7.1(a). There is no evidence that Paul did so. Before filing his motion, Paul was also required to "contact the district judge's courtroom deputy" to obtain a hearing date and instructions about when to file his motion papers. LR 7.1(c). Paul failed to do so. And then, when filing his papers, Paul was required to include a meet-and-confer statement. LR 7.1(c)(1)(E). Paul did not do so.

For all of these reasons, Paul's motion for a default judgment is denied.

---

[2]The Court reminds Paul that his response to the Red Cross's motion to dismiss is due by March 28, 2022.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for default judgment [ECF No. 13] is DENIED.

Dated: March 18, 2022                                s/Patrick J. Schiltz
                                                                                              Patrick J. Schiltz
                                                                                              United States District Judge