UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEROME PAUL,                                          Case No. 22-CV-0502 (PJS/BRT)

          Plaintiff,

v.                                                                    ORDER

AMERICAN RED CROSS ST. PAUL,

          Defendant.

Jerome Paul, pro se.

Grant S. Gibeau and Daniel N. Moak, TAFT STETTINIUS & HOLLISTER LLP, for defendant.

Plaintiff Jerome Paul is a former employee of defendant American Red Cross St. Paul ("the Red Cross"). After his employment ended in November 2019, Paul filed a discrimination complaint against the Red Cross with the Minnesota Department of Human Rights ("MDHR"). After completing an investigation, the MDHR concluded that Paul's allegation of discrimination was not supported by probable cause. Paul then attempted to commence this discrimination lawsuit against the Red Cross in state court. The Red Cross removed the action to federal court, and now moves to dismiss. For the reasons that follow, the Court grants the motion.

I.  BACKGROUND

Paul worked for the Red Cross for five months in 2019.  ECF No. 1-1 at 1.  Following the termination of his employment, he filed a complaint with the MDHR, alleging that the Red Cross violated the Minnesota Human Rights Act ("MHRA") by discriminating against him on the basis of race and disability.  ECF No. 20 at 18.  The MDHR completed an investigation into Paul's complaint and issued a no-probable-cause letter on November 22, 2021.  *Id.* at 12.  The letter informed Paul that he could "file a private civil action against [the Red Cross] in District Court . . . within **45 days** of receiving [the no-probable-cause letter]."  *Id.* at 13.

Paul received the no-probable-cause letter on November 30, 2021.  *Id.* at 9.  According to Paul, sometime in December 2021, he called the MDHR and spoke to a representative who told him "to serve Authorized Agent Counsel Jeffrey Larraco [sic]"[1] if Paul wished to commence a civil action against the Red Cross.  ECF No. 30 at 1.  Paul then prepared a summons and complaint and hired a process server to serve the documents on the Red Cross.  On January 13, 2022, Paul's process server delivered the summons and complaint to Kathleen Keenan, a legal assistant employed by Larroca's

---

[1] Jeffrey Larroca represented the Red Cross during the MDHR's investigation. ECF No. 31-1 ¶ 1.  The MDHR misspelled Larroca's name in its communications to Paul.  *See, e.g.*, ECF No. 20 at 12.

law firm (which had represented the Red Cross in responding to Paul's administrative complaint).[2]  ECF No. 20 at 21.

The Red Cross removed the action to this Court on February 28, 2022.  ECF No. 1.  Shortly thereafter, the Red Cross moved to dismiss Paul's complaint under Fed. R. Civ. P. 12(b)(6), alleging that it was untimely because Paul did not serve his summons and complaint on the Red Cross before the 45-day limitations period expired.  The Court held a hearing on June 22, 2022, and at the Court's invitation, both parties later submitted supplemental documentation regarding whether Paul's attempted January 13 service on the Red Cross was effective.

## II.  ANALYSIS

The Red Cross argues that Paul's lawsuit should be dismissed because the Red Cross was not timely served with the summons and complaint.  The Red Cross contends that Keenan—the legal assistant whom Paul served—was not authorized to accept service on the Red Cross's behalf, so the January 13, 2022, attempted service was ineffective.  And because the statute of limitations that applies to Paul's claims expired on January 14, Paul cannot cure the defective service, and his claims must be dismissed.

---

[2]The process server misspelled Keenan's name as "Keeman" in her affidavit of service.  See ECF No. 20 at 21.

*A. Legal Standards*

Paul's claims against the Red Cross arise under the MHRA.³ As explained to Paul in the no-probable-cause letter, the MHRA imposes a 45-day limitations period on civil claims arising from dismissed MDHR investigations. *See* Minn. Stat. § 363A.33, subd. 1(1). Minnesota law, not federal law, governs when an action is commenced for purposes of this limitations period. *See Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 450 (8th Cir. 1990) (concluding that "state procedural rules should govern the time an action is deemed commenced for purposes of the statute of limitations in a diversity action"). And under Minnesota law, an action is commenced when the summons is served on the defendant. Minn. R. Civ. P. 3.01.

Minnesota law also governs the sufficiency of service in this case, because Paul's attempted service on the Red Cross occurred before the case was removed to federal court. *See Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015). Rule 4.03 of the Minnesota Rules of Civil Procedure provides that service upon a corporation (such as the Red Cross) may be made "by delivering a copy to an officer or managing agent, or to any other agent *authorized expressly or impliedly* or designated by

---

³Paul also mentions Title VII of the Civil Rights Act of 1964 in his complaint. *See* ECF No. 1-1. But Paul did not first file a charge with the Equal Employment Opportunity Commission ("EEOC"), and therefore he cannot bring a lawsuit alleging violations of Title VII. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (describing requirement that complainant must exhaust administrative remedies prior to filing suit for Title VII violations).

statute to receive service of summons" (emphasis added).  Any attempted service "in a manner not authorized by the rule is ineffective."  *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).

### B.  Service Was Ineffective

Paul received the MDHR's no-probable-cause letter on November 30, 2021.  Therefore, he had until January 14, 2022—45 days from November 30—to commence a civil action against the Red Cross.  Paul did not attempt to serve the Red Cross until January 13, which was only one day before the January 14 deadline.  The question for the Court is whether that service was effective under Minnesota law.

According to Paul, he attempted to serve Jeffrey Larroca—the attorney who represented the Red Cross in responding to the MDHR investigation—because that is what the MDHR told him to do.  When Paul's process server went to Larroca's office, she handed the summons and complaint to Keenan, a legal assistant employed by Larroca's law firm, who the server believed was an "authorized agent" of the Red Cross.  The problem for Paul is that—whatever the MDHR and his process server may have believed or told him—the Red Cross never *did* authorize Keenan or Larroca to accept service on its behalf.

For purposes of Minnesota law, only *actual* authorization to accept service on behalf of a corporation will do.  *Tullis*, 570 N.W.2d at 313.  Any representations that an

MDHR representative or Keenan made to Paul or his process server regarding Larroca's or Keenan's authority to accept service on the Red Cross's behalf are irrelevant because actual authority can only be proven by "the [Red Cross's] dealings with [its] agent" and "cannot be inferred from [its] agent's dealings with third parties." *Id.*

After the hearing on this matter on June 22, the Red Cross submitted three sworn declarations—from Larroca, Keenan, and Kesh Pkiriy, a paralegal employed by the Red Cross—all of whom attest that neither Keenan nor Larroca were authorized to accept service on the Red Cross's behalf. ECF Nos. 31-1, -2, -3. Meanwhile, Paul provided the Court with declarations from the process-service company he hired, in which the company explains that its "standard operating procedure is always to verify the person served is authorized to accept service on behalf of an entity served." ECF No. 30-2 at 2.

Paul has not submitted any evidence about *the Red Cross's* dealings with Keenan or Larroca or any other evidence that contradicts the Red Cross's declarations, which establish that Keenan did not have authority to accept service on behalf of the Red Cross. Based on the evidence in the record, then, the Court is constrained to find that the summons and complaint were not properly served on the Red Cross on January 13 or at any other time before the statute of limitations expired on January 14. *Cf. Tullis*, 570 N.W.2d at 313 ("Plaintiff has offered no circumstantial evidence tending to prove that WRC, as principal, granted implied authority to Priebe to accept service of process

on its behalf. . . . [I]t is not enough to point to Priebe's self-identification as executive director to the process server. All authority must be traced to the principal's dealings with the agent; it cannot be inferred from the agent's dealings with third parties."); *see also DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 272 (Minn. 2016) (explaining that the *Tullis* court concluded service was insufficient because "defendants provided actual evidence contradicting the plaintiff's evidence of service").

Unfortunately for Paul, his failure to properly serve the Red Cross prior to January 14 spells the end of his case. His claims against the Red Cross are now barred by the statute of limitations, and thus his lawsuit must be dismissed with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss [ECF No. 5] is GRANTED and plaintiff's complaint [1-1] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 11, 2022               s/Patrick J. Schiltz
                                      Patrick J. Schiltz, Chief Judge
                                      United States District Court